**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN LAWRENCE STANLEY,

Defendant-Appellant.

No. 09-5162
(D.C. No. 4:09-CR-00022-JHP-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **HOLLOWAY**, and **ANDERSON**, Circuit Judges.

After a trial in which he represented himself, a jury convicted John
Lawrence Stanley of two counts of armed bank robbery, in violation of 18 U.S.C.
§ 2113(a) and (d), and use of a firearm during the bank robberies, in violation of
18 U.S.C. § 924(c)(1)(A)(i). On appeal, he seeks dismissal of the case or remand
for a new trial with instructions to provide him with additional access to legal

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

materials, an independent investigator, and subpoenas of five more witnesses at government expense. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

I.

The charges against Mr. Stanley arose from a March 2, 2004, robbery of the Tulsa National Bank and an April 14, 2004, robbery of BancFirst, in Tulsa, Oklahoma. Mr. Stanley was not charged with the Tulsa robberies until after he entered a plea of guilty to a robbery in Kansas City, Missouri. In his discussions with federal law enforcement officers, evidence came to light linking him with the Tulsa robberies. Upon his indictment for the Tulsa offenses on March 2, 2009, he pled not guilty.

During pretrial proceedings, Mr. Stanley was incarcerated in a federal penitentiary, serving his sentence for the Kansas City bank robbery. Mr. Stanley, however, requested to represent himself in the Oklahoma case. The district court allowed him to proceed pro se and appointed standby counsel.

Later, the court denied Mr. Stanley's motion to dismiss the indictment based on unnecessary delay. It also denied his requests for physical access to a law library and the assistance of an independent investigator. And, in ruling on Mr. Stanley's motion to subpoena eight witnesses at government expense, the district court granted the request as to three potential witnesses, but denied it as to the remaining witnesses.

The case proceeded to trial. For the prosecution, victims testified that an individual entered the Tulsa National Bank carrying a tan paper portfolio. He retrieved a firearm from the portfolio, pointed it at the teller, and demanded all of the loose and strapped money in her drawer, which amounted to $10,435. He instructed the teller to turn around and count to ten as he exited the building. At BancFirst, the robber, wearing false teeth and a false mustache, pulled a gun out of a briefcase, pointed it at the teller, and told her he wanted all her large bills and no alarms. He repeated his demands with other tellers at their separate windows and left with $3,258 in cash. Mr. Stanley's brother-in-law identified the individual in photographs obtained from the security systems at the two banks as Mr. Stanley.

The prosecution also entered into evidence the statements Mr. Stanley made to FBI agents while in custody for the Kansas City bank robbery. He admitted robbing thirty-four banks in six states. His routine was to wear a disguise, walk up to a teller with a gun in a briefcase, brandish the gun, and demand money from the teller. Though he had trouble recollecting details of his many robberies, he claimed to have committed three bank robberies in Tulsa. He specifically mentioned one that occurred on the date of his aunt's funeral--April 14, 2004. When shown security photographs taken during the Tulsa robberies, Mr. Stanley stated that the subject looked like him, but he did not directly confess to the

robberies. At the close of the prosecution case, Mr. Stanley rested without calling any witnesses.

The jury found Mr. Stanley guilty on all counts. He was sentenced to 57 years of imprisonment.

## II.

On appeal, Mr. Stanley is represented by counsel. He asserts that the district court erred in denying his motions for dismissal, physical access to a law library, appointment of an investigator, and subpoena of additional witnesses. None of his arguments has merit.

### A. Dismissal

Mr. Stanley claims that, even though the case was filed within the applicable statute of limitations, it should have been dismissed due to prejudicial pre-indictment delay. This court reviews the denial of his dismissal motion for abuse of discretion. *United States v. Colonna*, 360 F.3d 1169, 1176 (10th Cir. 2004).

Statutes of limitations provide "the primary guarantee against bringing overly stale criminal charges," *United States v. Marion*, 404 U.S. 307, 322 (1971) (quotation omitted), but "the Due Process Clause of the Fifth Amendment would require dismissal of [an] indictment if it were shown at trial that the pre-indictment delay . . . caused substantial prejudice to [the defendant's] rights to a fair trial *and* that the delay was an intentional device to gain tactical

-4-

advantage over the accused," *id.* at 324 (emphasis added). "[T]o prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." *United States v. Lovasco*, 431 U.S. 783, 796 (1977). "[P]rosecutors are under no duty to file charges as soon as probable cause exists," *id.* at 791, or once they have developed sufficient evidence to obtain a conviction, *id.* at 792-93.

Mr. Stanley has not demonstrated the government purposely delayed his indictment in order to obtain tactical advantage. As a result, neither the death of his brother nor the allegedly failing memories of witnesses demonstrates a due process violation. We see no abuse of discretion in the district court's denial of the motion to dismiss.

B. Physical access to law library

Whether a prisoner-defendant has received meaningful access to the courts is an issue to be reviewed de novo. *United States v. Cooper*, 375 F.3d 1041, 1051 (10th Cir. 2004). Mr. Stanley asserts that his constitutional right of access to the courts includes physical access to a prison law library. His position, however, is squarely foreclosed by this court's holdings in *United States v. Taylor*, 183 F.3d 1199 (10th Cir. 1999). In that case, we stated that "while prisoners . . . have a right to adequate, effective and meaningful access to the courts, access to a law library is only one of many constitutionally acceptable methods used to assure meaningful access to the courts." *Id.* at 1204. Providing standby legal counsel

for assistance at trial is "the equivalent" of allowing library access.  *Id.*  And in any event, a trial court is "under no obligation to provide law library access" to a prisoner "who voluntarily, knowingly and intelligently waives his right to counsel in a criminal proceeding."  *Id.* at 1205.  We decline to revisit the issue.

C.      Appointment of an investigator

The denial of a request for investigative services is reviewed for an abuse of discretion.  *See United States v. Kennedy*, 64 F.3d 1465, 1470 (10th Cir. 1995).  "[T]he defendant must do more than allege that the services would be helpful"; he must show that they "are 'necessary' to present an adequate defense."  *Id.*  Here, the district court did not abuse its discretion in denying Mr. Stanley's motion:  the resources provided by standby counsel were sufficient to provide an adequate defense.

D.      Subpoena of additional witnesses

Mr. Stanley's challenge to the district court's refusal to issue a subpoena at government expense is also reviewed under an abuse-of-discretion standard.  *United States v. Pursley*, 577 F.3d 1204, 1229 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1098 (2010).  A court is required to issue a subpoena when an indigent defendant: "shows an inability to pay the witness's fees;" and "demonstrates the necessity for the witness's presence for an adequate defense."  *Id.*  at 1230 (citing Fed. R. Crim. P. 17(b)).  "To show necessity, a defendant must establish that the witness's testimony is relevant, material, and useful."  *Id.* (quotation omitted).

-6-

In ruling on Mr. Stanley's motion, the district court determined that five of the eight named witnesses would not provide relevant and material testimony and were therefore not necessary for an adequate defense. Its careful winnowing of Mr. Stanley's subpoena requests was well within the district court's discretion.

III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge